UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRUCKEE POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-03006 AC<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a former county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Leave to Proceed in Forma Pauperis**

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

**II.     Screening**

A. Legal Standards

　　　　The court is required to screen complaints brought by prisoners[1] seeking relief against a

---

[1] Plaintiff was in custody at the time he filed the complaint.

1

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

1 | Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B. The Complaint

Plaintiff brings suit against the Truckee Police Department and several of its officers, as well as the Property Manager of Kimco Realty, for violations of law that related to his removal from property, property damage, and plaintiff's arrest that occurred on September 21, 2023 and September 22, 2023. ECF No. 1 at 4-26. Plaintiff filed this case on December 26, 2023. ECF No. 1. Four days earlier, plaintiff had filed a separate lawsuit based on the same incidents; that case was assigned to a different judge. See Bosley v. Truckee Police Department, No. 2:23-cv-02994 JPD. That case is ongoing.

### C. Analysis

This case must be dismissed because it is duplicative of another ongoing case in this district, Bosley v. Truckee Police Department, 2:23-cv-02994 JPD. The district court has the power to control its docket, including the power to dismiss claims that are duplicative of claims presented in other cases. M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a separate case). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in The Haytian Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir. 2007) (overruled on other grounds Taylor v. Sturgell, 553 U.S. 880, 128 (2008)).

The Ninth Circuit clarified in Adams that "in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. "A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions." Shappell v. Sun Life Assur. Co., No. 2:10-cv-03020 MCE, 2011 WL 2070405, at *2, 2011 U.S. Dist. LEXIS 55644 (E.D. Cal. May 23, 2011). To assess whether successive causes of action are the same, courts utilize the "transaction test," which requires consideration of four criteria: (1) whether the

3

rights or interests established in the initial action would be impaired by prosecution of a second suit; (2) whether substantially the same evidence would be presented in both actions; (3) whether both suits involve infringement of the same right; and (4) whether both suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982). The last factor has been deemed the most important. Id. at 1202.

Here, all elements are satsified. As a preliminary matter, although defendants are not clearly named in the first suit, it is clear that the same parties are involved. In Case No. 2:23cv-02994 JDP ("Bosley I"), plaintiff asserts violations by Kimco Realty and the Truckee Police Department. Bosley I, ECF No. 1 at 5. In this case ("Bosley II"), plaintiff identifies the same defendants. ECF No. 1 at 1-3. Most importantly, Bosley I and Bosley II arise out of the same incidents: plaintiff's removal from a premises, his arrest, and alleged property damage that occurred on September 21 and 22, 2023. Because both cases arise out of the same incident and involve the same parties, the cases arise from the same transactional nucleus of fact. Costantini, 681 F.2d at 1201–02 (9th Cir.1982). With two separate lawsuits based on the same incident and involving substantially the same parties, it is axiomatic that the cases will involves substantially the same evidence and that a decision in one case would impair the prosecution of the other. Thus, the elements of the transaction test are satisfied. Id.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M., 681 F.3d at 1091 (9th Cir. 2012). This case is duplicative of the case pending at 2:23cv-02994-JDP. In the interest of the competent administration of justice and judicial economy, it should be dismissed with prejudice in favor of the prosecution of the earlier filed lawsuit.

### III.     Pro Se Plaintiff's Summary

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee. However, the court is recommending that this case be dismissed because it is the same as another case you filed, which is currently before Judge Peterson. You cannot file the same case twice. You may file objections to this recommendation within 21 days.

////

### IV.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

Further the Clerk of Court is DIRECTED to assign a District Judge to this case.  It is hereby RECOMMENDED that this case be DISMISSED as duplicative of another ongoing case in this District.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 20, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5